**PENNSYLVANIA ASSOCIATION FOR RETARDED CHILDREN, Nancy Beth Bowman, et al., Plaintiffs,**

**v.**

**COMMONWEALTH OF PENNSYLVANIA, David H. Kurtzman, et al.**

**Civ. A. No. 71-42.**

United States District Court,
E. D. Pennsylvania.

Oct. 8, 1971.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Thomas K. Gilhool, Philadelphia, Pa., for plaintiffs.

J. Shane Craemer, Atty. Gen., Ed Weintraub, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

Before ADAMS, Circuit Judge, and MASTERSON and BRODERICK, District Judges.

## ORDER, INJUNCTION and CONSENT AGREEMENT

PER CURIAM.

And now, this 7th day of October, 1971, the parties having consented through their counsel to certain findings and conclusions and to the relief to be provided to the named plaintiffs and to the members of their class, the provisions of the Consent Agreement between the

**1258**

parties set out below are hereby approved and adopted and it is hereby so ordered.

And for the reasons set out below it is ordered that defendants the Commonwealth of Pennsylvania, the Secretary of the Department of Education, the State Board of Education, the Secretary of the Department of Public Welfare, the named defendant school districts and intermediate units and each of the School Districts and Intermediate Units in the Commonwealth of Pennsylvania, their officers, employees, agents and successors be and they hereby are enjoined as follows:

(a) from applying Section 1304 of the Public School Code of 1949, 24 Purd. Stat. Sec. 13–1304, so as to postpone or in any way to deny to any mentally retarded child access to a free public program of education and training;

(b) from applying Section 1326 or Section 1330(2) of the School Code of 1949, 24 Purd.Stat. Secs. 13–1326, 13–1330(2) so as to postpone, to terminate or in any way to deny to any mentally retarded child access to a free public program of education and training;

(c) from applying Section 1371(1) of the School Code of 1949, 24 Purd.Stat. Sec. 13–1371(1) so as to deny to any mentally retarded child access to a free public program of education and training;

(d) from applying Section 1376 of the School Code of 1949, 24 Purd.Stat. Sec. 13–1376, so as to deny tuition or tuition and maintenance to any mentally retarded person except on the same terms as may be applied to other exceptional children, including brain damaged children generally;

(e) from denying homebound instruction under Section 1372(3) of the School Code of 1949, 24 Purd.Stat. Sec. 13–1372 (3) to any mentally retarded child merely because no physical disability accompanies the retardation or because retardation is not a short-term disability.

(f) from applying Section 1375 of the School Code of 1949, 24 Purd.Stat. Sec. 13–1375, so as to deny to any mental-ly retarded child access to a free public program of education and training;

(g) to immediately re-evaluate the named plaintiffs, and to accord to each of them, as soon as possible but in no event later than October 13, 1971, access to a free public program of education and training appropriate to his learning capacities;

(h) to provide, as soon as possible but in no event later than September 1, 1972, to every retarded person between the ages of six and twenty-one years as of the date of this Order and thereafter, access to a free public program of education and training appropriate to his learning capacities;

(i) to provide, as soon as possible but in no event later than September 1, 1972, wherever defendants provide a preschool program of education and training for children aged less than six years of age, access to a free public program of education and training appropriate to his learning capacities to every mentally retarded child of the same age.

The above Orders are entered as interim Orders only and without prejudice, pending notice, as described in Paragraph 3 below, to the class of plaintiffs and to the class of defendants determined in Paragraphs 1 and 2 below.

Any member of the classes so notified who may wish to be heard before permanent Orders are entered shall enter his appearance and file a written statement of objections with the Clerk of this Court on or before October 20, 1971. Any objections so entered will be heard by the Court at 10 o'clock on October 22, 1971.

## CONSENT AGREEMENT

The Complaint in this action having been filed on January 7, 1971, alleging the unconstitutionality of certain Pennsylvania statutes and practices under the Equal Protection Clause of the Fourteenth Amendment and certain pendent claims; a three-judge court having been constituted, after motion,

briefing and argument thereon, on May 26, 1971; an Order and Stipulation having been entered on June 18, 1971, requiring notice and a due process hearing before the educational assignment of any retarded child may be changed; and evidence having been received at preliminary hearing on August 12, 1971;

Now, therefore, this 7th of October 1971, the parties being desirous of effecting an amicable settlement of this action, the parties by their counsel agree, subject to the approval and Order of this Court, as follows:

## I.

1. This action may and hereby shall be maintained by plaintiffs as a class action on behalf of all mentally retarded persons, residents of the Commonwealth of Pennsylvania, who have been, are being, or may be denied access to a free public program of education and training while they are, or were, less than twenty-one years of age.

It is expressly understood, subject to the provisions of Paragraph 44 below, that the immediate relief hereinafter provided shall be provided to those persons less than twenty-one years of age as of the date of the Order of the Court herein.

2. This action may and hereby shall be maintained against defendant school districts and intermediate units as a class action against all of the School Districts and Intermediate Units of the Commonwealth of Pennsylvania.

3. Pursuant to Rule 23, Fed.R.Civ.P., notice of the extent of the Consent Agreement and the proposed Order approving this Consent Agreement, in the form set out in Appendix A, shall be given as follows:

(a) to the class of defendants, by the Secretary of Education, by mailing immediately a copy of this proposed Order and Consent Agreement to the Superintendent and the Director of Special Education of each School District and Intermediate Unit in the Commonwealth of Pennsylvania;

(b) to the class of plaintiffs, (i) by the Pennsylvania Association for Retarded Children, by immediately mailing a copy of this proposed Order and Consent Agreement to each of its Chapters in fifty-four counties of Pennsylvania; (ii) by the Department of Justice, by causing an advertisement in the form set out in Appendix A, to be placed in one newspaper of general circulation in each County in the Commonwealth; and (iii) by delivery of a joint press release of the parties to the television and radio stations, newspapers, and wire services in the Commonwealth.

## II.

4. Expert testimony in this action indicates that all mentally retarded persons are capable of benefiting from a program of education and training; that the greatest number of retarded persons, given such education and training, are capable of achieving self-sufficiency, and the remaining few, with such education and training, are capable of achieving some degree of self-care; that the earlier such education and training begins, the more thoroughly and the more efficiently a mentally retarded person will benefit from it; and, whether begun early or not, that a mentally retarded person can benefit at any point in his life and development from a program of education and training.

5. The Commonwealth of Pennsylvania has undertaken to provide a free public education to all of its children between the ages of six and twenty-one years, and, even more specifically, has undertaken to provide education and training for all of its exceptional children.

6. Having undertaken to provide a free public education to all of its children, including its exceptional children, the Commonwealth of Pennsylvania may not deny any mentally retarded child access to a free public program of education and training.

7. It is the Commonwealth's obligation to place each mentally retarded child in a free, public program of education and training appropriate to the child's capacity, within the context of a presumption that, among the alternative programs of education and training required by statute to be available, placement in a regular public school class is preferable to placement in a special public school class and placement in a special public school class is preferable to placement in any other type of program of education and training.

### III.

*Section 1304*

8. Section 1304 of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13–1304, provides:

*"Admission of beginners*

The admission of beginners to the public schools shall be confined to the first two weeks of the annual school term in districts operating on an annual promotion basis, and to the first two weeks of either the first or the second semester of the school term to districts operating on a semi-annual promotion basis. Admission shall be limited to beginners who have attained the age of five years and seven months before the first day of September if they are to be admitted in the fall, and to those who have attained the age of five years and seven months before the first day of February if they are to be admitted at the beginning of the second semester. The board of school directors of any school district may admit beginners who are less than five years and seven months of age, in accordance with standards prescribed by the State Board of Education. The board of school directors may refuse to accept or retain beginners who have not attained a mental age of five years, as determined by the supervisor of special education or a properly certificated public school psychologist in accordance with stand-

ards prescribed by the State Board of Education.

"The term 'beginners,' as used in this section, shall mean any child that should enter the lowest grade of the primary school or the lowest primary class above the kindergarten level."

9. The Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units in the Commonwealth of Pennsylvania, each of them, for themselves, their officers, employees, agents, and successors agree that they shall cease and desist from applying Section 1304 so as to postpone or in any way to deny access to a free public program of education and training to any mentally retarded child.

10. The Attorney General of the Commonwealth of Pennsylvania (hereinafter "the Attorney General") agrees to issue an Opinion declaring that Section 1304 means *only* that a school district may refuse to accept into or to retain in the lowest grade of the *regular* primary school or the lowest *regular* primary class above the kindergarten level, any child who has not attained a mental age of five years.

11. The Attorney General of the Commonwealth of Pennsylvania shall issue an Opinion thus construing Section 1304, and the State Board of Education (hereinafter "the Board") shall issue regulations to implement said construction and to supersede Sections 5–200 of the Pupil Attendance Regulations, copies of which Opinion and Regulations shall be filed with the Court and delivered to counsel for plaintiffs on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

12. The aforementioned Opinion and Regulations shall (a) provide for notice and an opportunity for a hearing as set out in this Court's Order of June 18, 1971, before a child's admission as a beginner in the lowest grade of a regular primary school, or the lowest regular

primary class above kindergarten, may be postponed; (b) require the automatic re-evaluation every two years of any educational assignment other than to a regular class, and (c) provide for an annual re-evaluation at the request of the child's parent or guardian, and (d) provide upon each such re-evaluation for notice and an opportunity for a hearing as set out in this Court's Order of June 18, 1971.

13. The aforementioned Opinion and Regulations shall also require the timely placement of any child whose admission to regular primary school or to the lowest regular primary class above kindergarten is postponed, or who is not retained in such school or class, in a free public program of education and training pursuant to Sections 1371 through 1382 of the School Code of 1949, as amended 24 Purd.Stat. Sec. 13–1371 through Sec. 13–1382.

*Section 1326*

14. Section 1326 of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13–1326, provides:

*"Definitions*

The term 'compulsory school age,' as hereinafter used, shall mean the period of a child's life from the time the child's parents elect to have the child enter school, which shall be not later than at the age of eight (8) years, until the age of seventeen (17) years. The term shall not include any child who holds a certificate of graduation from a regularly accredited senior high school."

15. The Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units in the Commonwealth of Pennsylvania, each of them, for themselves, their officers, employees, agents and successors agree that they shall cease and desist from applying Section 1326 so as to postpone, to terminate, or in any way to deny access to a free public program of education and training to any mentally retarded child.

16. The Attorney General agrees to issue an Opinion declaring that Section 1326 means *only* that parents of a child have a compulsory duty while the child is between eight and seventeen years of age to assure his attendance in a program of education and training; and Section 1326 does not limit the ages between which a child must be granted access to a free, public program of education and training. Defendants are bound by Section 1301 of the School Code of 1949, 24 Purd.Stat. Sec. 13–1301, to provide free public education to all children six to twenty-one years of age. In the event that a parent elects to exercise the right of a child six through eight years and/or seventeen through twenty-one years of age to a free public education, defendants may not deny such child access to a program of education and training. Furthermore, if a parent does not discharge the duty of compulsory attendance with regard to any mentally retarded child between eight and seventeen years of age, defendants must and shall take those steps necessary to compel the child's attendance pursuant to Section 1327 of the School Code of 1949, 24 Purd.Stat. Sec. 13–1327, and related provisions of the School Code, and to the relevant regulations with regard to compulsory attendance promulgated by the Board.

17. The Attorney General shall issue an Opinion thus construing Section 1326, and related Sections, and the Board shall promulgate Regulations to implement said construction, copies of which Opinion and Regulations shall be filed with the Court and delivered to plaintiffs' counsel on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

*Section 1330(2)*

18. Section 1330(2) of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13–1330(2) provides:

*"Exceptions to compulsory attendance.*

The provisions of this act requiring regular attendance shall not apply to any child who:

\* \* \* \* \* \*

(2) Has been examined by an approved mental clinic or by a person certified as a public school psychologist or psychological examiner, and has been found to be unable to profit from further public school attendance, and who has been reported to the board of school directors and excused, in accordance with regulations prescribed by the State Board of Education."

19. The Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units, each of them, for themselves, their officers, employees, agents, and successors agree that they shall cease and desist from applying Section 1330(2) so as to terminate or in any way to deny access to a free public program of education and training to any mentally retarded child.

20. The Attorney General agrees to issue an Opinion declaring that Section 1330(2) means *only* that a parent may be excused from liability under the compulsory attendance provisions of the School Code when, with the approval of the local school board and the Secretary of Education and a finding by an approved clinic or public school psychologist or psychological examiner, the parent elects to withdraw the child from attendance. Section 1330(2) may not be invoked by defendants, contrary to the parents' wishes, to terminate or in any way to deny access to a free public program of education and training to any mentally retarded child. Furthermore, if a parent does not discharge the duty of compulsory attendance with regards to any mentally retarded child between eight and seventeen years of age, defendants must and shall take those steps necessary to compel the child's attendance pursuant to Section 1327 and related provisions of the School Code and to the relevant regulations with regard to compulsory attendance promulgated by the Board.

21. The Attorney General shall issue an Opinion so construing Section 1330(2) and related provisions and the Board shall promulgate Regulations to implement said construction and to supersede Section 5–400 of the Pupil Attendance Regulations, a copy of which Opinion and Regulations shall be filed with the Court and delivered to counsel for plaintiff on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

*Pre-School Education*

22. Defendants, the Commonwealth of Pennsylvania, the Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units in the Commonwealth of Pennsylvania, the Secretary of Public Welfare, each of them, for themselves, their officers, employees, agents and successors agree that they shall cease and desist from applying Section 1371(1) of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13–1371(1) so as to deny access to a free public program of education and training to any mentally retarded child, and they further agree that wherever the Department of Education through its instrumentalities, the School Districts and Intermediate Units, or the Department of Public Welfare through any of its instrumentalities provides a pre-school program of education and training to children below the age of six, they shall also provide a program of education and training appropriate to their learning capacities to all retarded children of the same age.

23. Section 1371(1) of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13-1371(1), provides:

*"Definition of exceptional children; reports; examination*

(1) The term 'exceptional children' shall mean children of school age who deviate from the average in physical, mental, emotional or social characteristics to such an extent that they require special educational facilities or services and shall include all children in detention homes."

24. The Attorney General agrees to issue an Opinion declaring that the phrase "children of school age" as used in Section 1371 means children aged six to twenty-one and also, whenever the Department of Education through any of its instrumentalities, the local School District, Intermediate Unit, or the Department of Public Welfare, through any of its instrumentalities, provides a pre-school program of education or training for children below the age of six, whether kindergarten or however so called, means all mentally retarded children who have reached the age less than six at which pre-school programs are available to others.

25. The Attorney General shall issue an Opinion thus construing Section 1371 and the Board shall issue regulations to implement said construction, copies of which Opinion and Regulations shall be filed with the Court and delivered to counsel for plaintiffs on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

*Tuition and Tuition and Maintenance*

26. The Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units in the Commonwealth of Pennsylvania, each of them, for themselves, their officers, employees, agents and successors agree that they shall cease and desist from applying Section 1376 of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13-1376, so as to deny tuition or tuition and maintenance to any mentally retarded person.

27. The Attorney General agrees to issue an Opinion, and the Council of Basic Education of the State Board of Education agrees to promulgate Regulations, construing the term "brain damage" as used in Section 1376 and as defined in the Board's "Criteria for Approval . . . of Reimbursement" so as to include thereunder all mentally retarded persons, thereby making available to them tuition for day school and tuition and maintenance for residential school up to the maximum sum available for day school or residential school, whichever provides the more appropriate program of education and training. Copies of the aforesaid Opinion and Regulations shall be filed with the Court and delivered to counsel for plaintiff on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

28. Defendants may deny or withdraw payments of tuition or tuition and maintenance whenever the school district or intermediate unit in which a mentally retarded child resides provides a program of special education and training appropriate to the child's learning capacities into which the child may be placed.

29. The decision of defendants to deny or withdraw payments of tuition or tuition and maintenance shall be deemed a change in educational assignment as to which notice shall be given and an opportunity for a hearing afforded as set out in this Court's order of June 18, 1971.

*Homebound Instruction*

30. Section 1372(3) of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13-1372(3), provides in relevant part:

*"Standards; plans; special classes or schools*

\* \* \* \* \* \*

(3) Special Classes or Schools Established and Maintained by School Districts.

* * * If * * * it is not feasible to form a special class in any district or to provide such education for any [exceptional] child in the public schools of the district, the board of school directors of the district shall secure such proper education and training outside the public schools of the district or in special institutions, or by providing for teaching the child in his home. * * * "

31. The Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units in the Commonwealth of Pennsylvania, each of them, for themselves, their officials, employees, agents and successors agree that they shall cease and desist from denying homebound instruction under Section 1372(3) to mentally retarded children merely because no physical disability accompanies the retardation or because retardation is not a short-term disability.

32. The Attorney General agrees to issue an Opinion declaring that a mentally retarded child, whether or not physically disabled, may receive homebound instruction and the State Board of Education and/or the Secretary of Education agrees to promulgate revised Regulations and forms in accord therewith, superseding the "Homebound Instruction Manual" (1970) insofar as it concerns mentally retarded children.

33. The aforesaid Opinion and Regulations shall also provide:

(a) that homebound instruction is the least preferable of the programs of education and training administered by the Department of Education and a mentally retarded child shall not be assigned to it unless it is the program most appropriate to the child's capacities;

(b) that homebound instruction shall involve education and training for at least five hours a week;

(c) that an assignment to homebound instruction shall be re-evaluated not less than every three months, and notice of the re-evaluation and an opportunity for a hearing thereon shall be accorded to the parent or guardian, as set out in the Order of this Court dated June 18, 1971;

34. Copies of the aforementioned Opinion and Regulations shall be filed with the Court and delivered to counsel for plaintiffs on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

*Section 1375*

35. Section 1375 of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 13–1375, provides:

*"Uneducable children provided for by Department of Public Welfare*

"The State Board of Education shall establish standards for temporary or permanent exclusion from the public school of children who are found to be uneducable and untrainable in the public schools. Any child who is reported by a person who is certified as a public school psychologist as being uneducable and untrainable in the public schools, may be reported by the board of school directors to the Superintendent of Public Instruction and when approved by him, in accordance with the standards of the State Board of Education, shall be certified to the Department of Public Welfare as a child who is uneducable and untrainable in the public schools. When a child is thus certified, the public schools shall be relieved of the obligation of providing education or training for such child. The Department of Public Welfare shall thereupon arrange for the care, training and supervision of such child in a manner not inconsistent with the laws governing mentally defective individuals."

36. Defendants the Commonwealth of Pennsylvania, the Secretary of Education, the State Board of Education, the named School Districts and Intermediate Units, on their own behalf and on behalf of all School Districts and Intermediate Units in the Commonwealth of Pennsylvania, and the Secretary of Public Welfare, each of them, for themselves, their officers, employees, agents and successors agree that they shall cease and desist from applying Section 1375 so as to deny access to a free public program of education and training to any mentally retarded child.

37. The Attorney General agrees to issue an Opinion declaring that since all children are capable of benefiting from a program of education and training, Section 1375 means that insofar as the Department of Public Welfare is charged to "arrange for the care, training and supervision" of a child certified to it, the Department of Public Welfare must provide a program of education and training appropriate to the capacities of that child.

38. The Attorney General agrees to issue an Opinion declaring that Section 1375 means that when it is found, on the recommendation of a public school psychologist and upon the approval of the local board of school directors and the Secretary of Education, as reviewed in the due process hearing as set out in the Order of this Court dated June 18, 1971, that a mentally retarded child would benefit more from placement in a program of education and training administered by the Department of Public Welfare than he would from any program of education and training administered by the Department of Education, he shall be certified to the Department of Public Welfare for placement in a program of education and training.

39. To assure that any program of education and training administered by the Department of Public Welfare shall provide education and training appro-

priate to a child's capacities the plan referred to in Paragraph 49 below shall specify, *inter alia*,

(a) the standards for hours of instruction, pupil-teacher ratios, curriculum, facilities, and teacher qualifications that shall be met in programs administered by the Department of Public Welfare;

(b) the standards which will qualify any mentally retarded person who completes a program administered by the Department of Public Welfare for a High School Certificate or a Certificate of Attendance as contemplated in Sections 8–132 and 8–133 of the Special Education Regulations;

(c) the reports which will be required in the continuing discharge by the Department of Education of its duty under Section 1302(1) of the Administrative Code of 1929, as amended, 71 P.S. Sec. 352(1), to inspect and to require reports of programs of education and training administered by the Department of Public Welfare, which reports shall include, for each child in such programs an annual statement of educational strategy (as defined in Section 8–123 of the Special Education Regulations) for the coming year and at the close of the year an evaluation of that strategy;

(d) that the Department of Education shall exercise the power under Section 1926 of the School Code of 1949, as amended, 24 Purd.Stat. Sec. 19–1926 to supervise the programs of education and training in all institutions wholly or partly supported by the Department of Public Welfare, and the procedures to be adopted therefor.

40. The Attorney General agrees to issue an Opinion so construing Section 1375 and the Board to promulgate Regulations implementing said construction, which Opinion and Regulations shall also provide:

(a) that the Secretary of Education shall be responsible for assuring that

every mentally retarded child is placed in a program of education and training appropriate to his learning capacities, and to that end, by Rules of Procedure requiring that reports of the annual census and evaluation, under Section 1371(2) of the School Code of 1949, as amended, 24 Purd.Stat. 13–1371(2), be made to him, he shall be informed as to the identity, condition, and educational status of every mentally retarded child within the various school districts.

(b) that should it appear that the provisions of the School Code relating to the proper education and training of mentally retarded children have not been complied with or the needs of the mentally retarded child are not being adequately served in any program administered by the Department of Public Welfare, the Department of Education shall provide such education and training pursuant to Section 1372(5) of the School Code of 1949, as amended, 21 Purd.Stat. Sec. 13–1372(5).

(c) that the same right to notice and an opportunity for a hearing as is set out in the Order of this Court of June 18, 1971, shall be accorded on any change in educational assignment among the programs of education and training administered by the Department of Public Welfare.

(d) that not less than every two years the assignment of any mentally retarded child to a program of education and training administered by the Department of Public Welfare shall be re-evaluated by the Department of Education and upon such re-evaluation, notice and an opportunity to be heard shall be accorded as set out in the Order of this Court, dated June 18, 1971.

40. Copies of the aforesaid Opinion and Regulations shall be filed with the Court and delivered to counsel for plaintiffs on or before October 25, 1971, and they shall be issued and promulgated respectively on or before October 27, 1971.

## IV.

41. Each of the named plaintiffs shall be immediately re-evaluated by defendants and, as soon as possible, but in no event later than October 13, 1971, shall be accorded access to a free public program of education and training appropriate to his learning capacities.

42. Every retarded person between the ages of six and twenty-one years as of the date of this Order and thereafter shall be provided access to a free public program of education and training appropriate to his capacities as soon as possible but in no event later than September 1, 1972.

43. Wherever defendants provide a pre-school program of education and training for children less than six years of age, whether kindergarten or howsoever called, every mentally retarded child of the same age as of the date of this Order and hereafter shall be provided access to a free public program of education and training appropriate to his capacities as soon as possible but in no event later than September 1, 1972.

44. The parties explicitly reserve their right to hearing and argument on the question of the obligation of defendants to accord compensatory educational opportunity to members of the plaintiff class of whatever age who were denied access to a free public program of education and training without notice and without a due process hearing while they were aged six years to twenty-one years, for a period equal to the period of such wrongful denial.

45. To implement the aforementioned relief and to assure that it is extended to all members of the class entitled to it, Dr. Herbert Goldstein and Dennis E. Haggerty, Esquire are appointed Masters for the purpose of overseeing a process of identification, evaluation, notification, and compliance hereinafter described.

46. Notice of this Order and of the Order of June 18, 1971, in form to be agreed upon by counsel for the parties, shall be given by defendants to the parents and guardian of every mentally retarded person, and of every person thought by defendants to be mentally retarded, of the ages specified in Paragraphs 42 and 43 above, now resident in the Commonwealth of Pennsylvania, who while he was aged four years to twenty-one years was not accorded access to a free public program of education and training, whether as a result of exclusion, postponement, excusal, or in any other fashion, formal or informal.

47. Within thirty days of the date of this Order, defendants shall formulate and shall submit to the Masters for their approval a satisfactory plan to identify, locate, evaluate and give notice of all the persons described in the foregoing paragraph, and to identify all persons described in Paragraph 44, which plan shall include, but not be limited to, a search of the records of the local school districts, of the intermediate units, of County MH/MR units, of the State Schools and Hospitals, including the waiting lists for admission thereto, and of interim care facilities, and, to the extent necessary, publication in newspapers and the use of radio and television in a manner calculated to reach the persons described in the foregoing paragraph. A copy of the proposed plan shall be delivered to counsel for plaintiffs who shall be accorded a right to be heard thereon.

48. Within ninety days of the date of this Order, defendants shall identify and locate all persons described in paragraph 46 above, give them notice and provide for their evaluation, and shall report to the Masters the names, circumstances, the educational histories and the educational diagnosis of all persons so identified.

49. By February 1, 1972, defendants shall formulate and submit to the Masters for their approval a plan, to be effectuated by September 1, 1972, to commence or recommence a free public program of education and training for all mentally retarded persons described in Paragraph 46 above and aged between four and twenty-one years as of the date of this Order, and for all mentally retarded persons of such ages hereafter. The plan shall specify the range of programs of education and training, their kind and number, necessary to provide an appropriate program of education and training to all mentally retarded children, where they shall be conducted, arrangements for their financing, and, if additional teachers are found to be necessary, the plan shall specify recruitment, hiring, and training arrangements. The plan shall specify such additional standards and procedures, including but not limited to those specified in Paragraph 39 above, as may be consistent with this Order and necessary to its effectuation. A copy of the proposed plan will be delivered to counsel for plaintiffs who shall be accorded a right to be heard thereon.

50. If by September 1, 1972, any local school district or intermediate unit is not providing a free public education to all mentally retarded persons 4 to 21 years of age within its responsibility, the Secretary of Education, pursuant to Section 1372(5) of the Public School Code of 1949, 24 Purd.Stat. 1372(5) shall directly provide, maintain, administer, supervise, and operate programs for the education and training of these children.

51. The Masters shall hear any members of the plaintiff class who may be aggrieved in the implementation of this Order.

52. The Masters shall be compensated by defendants.

53. This Court shall retain jurisdiction of the matter until it has heard the final report of the Masters on or before October 15, 1972.

(s) Thomas K. Gilhool
    Attorney for Plaintiffs

(s) J. Shane Creamer
    Attorney General

(s) Ed Weintraub
    Deputy Attorney General
    Attorneys for Defendants

Acknowledged:

(s) Dr. David H. Kurtzman
    Secretary of Education

(s) Dr. William F. Ohrtman
    Director, Bureau of Special Education

(s) Mrs. Helene Wohlgemuth
    Secretary of Public Welfare

(s) Edward R. Goldman
    Commissioner of Mental Retardation.

---

## APPENDIX A

### NOTICE*

To: (1) All parents and guardians of mentally retarded persons resident in the Commonwealth of Pennsylvania

[(2) All School Districts and Intermediate Units in the Commonwealth of Pennsylvania]

Notice is hereby given (1) that a proposed Order approving a Consent Agreement and issuing certain Injunctions in Pennsylvania Association for Retarded Children et al. v. Commonwealth of Pennsylvania, E.D.Pa., C.A. No. 71–42, is on file with the Clerk of the United States District Court and available for inspection there and in the offices of the Superintendent of each School District and Intermediate Unit in the Commonwealth of Pennsylvania and of each County Chapter of the Pennsylvania Association for Retarded Children.

(2) That the above mentioned action, on behalf of all mentally retarded persons who have been denied access to a free, public program of education and training, was begun on January 7, 1971, raising certain procedural and substantive claims against the laws and practices of the Commonwealth of Pennsylvania, the Department of Education, the Department of Public Welfare, 12 named School Districts and Intermediate Units and the class of all School Districts and Intermediate Units in the Commonwealth, because of their failure to provide a free public education to all mentally retarded children.

(3) That the proposed Order would approve a Consent Agreement entered into by the named parties on October 7, 1971, providing that each mentally retarded child shall be accorded access to a program of education and training, that notice and an opportunity for a hearing shall be accorded before any change in the educational assignment of mentally retarded children, that certain sections of the Public School Code shall be so construed, and that certain Regulations so providing shall be promulgated thereunder, and that a Special Master shall

(* The bracketed portions below will appear in the Notice but not in the newspaper advertisement)

be appointed to oversee the identification by defendants of all mentally retarded children who have been denied an education and the formulation and implementation by defendants of a plan to provide a free, public program of education and training to all mentally retarded children as soon as possible and no later than September 1, 1972, and would also issue certain Injunctions consistent with the Consent Agreement.

(4) That the parents or guardian of any mentally retarded child [or any school district or intermediate unit] who may wish to make an objection to the Proposed Order approving the Consent Agreement may do so by entering an appearance and filing a statement of objections with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 9th and Chestnut Streets, Philadelphia, on or before October 20, 1971. Hearing thereon shall be held before the Court at 10:00 o'clock A.M., October 22, 1971.

