Gary W. KOZAK, Sr., Petitioner,

v.

The HAMPTON TOWNSHIP SCHOOL DISTRICT, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 1994.
Decided March 1, 1995.

Gary W. Kozak, Sr., pro se.

Donald J. Palmer, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Gary W. Kozak, Sr. appeals *pro se* an order of the Special Education Appeals Panel of the Commonwealth of Pennsylvania (appeals panel) that affirmed the decision of a Special Education Hearing Officer (hearing officer)[1] ordering that the Hampton Township School District (school district) and Kozak prepare an individualized educational program (IEP) for Kozak's son, Gary, pursuant to the Pennsylvania Special Education Regulations[2] and the Pennsylvania Special Education Standards.[3] We affirm.

The Individuals with Disabilities Education Act (IDEA),[4] requires that for a state to receive federal assistance thereunder, it must provide a child with disabilities[5] a "free appropriate public education"[6] based on the unique needs of the student. 20 U.S.C. § 1412. The IDEA establishes minimum requirements for the education of children with disabilities. To implement those requirements, the Commonwealth, through the Department of Education (department), promulgated the Pennsylvania Special Education Regulations and the Pennsylvania Special Education Standards (state regulations). Under the state regulations, a school district must develop an IEP[7] tailored in accordance with certain procedures for each child with a disability. 22 Pa.Code § 14.32.

Gary is a fifteen year old student attending a regular ninth grade class in the school district. Gary entered the school district during the 1985–86 school year as a first grade student. Due to Gary's problems during the 1992–93 school year with nonparticipation, quietness and decline in academic

1. The Secretary of the Department of Education appointed the hearing officer and the appeals panel pursuant to 22 Pa.Code § 14.64(n)(3) which provides:

   The Secretary will contract for the services of panels of appellate hearing officers and may compensate appellate hearing officers for their services....

2. 22 Pa.Code §§ 14.1–14.74.

3. 22 Pa.Code §§ 342.1–342.74.

4. 20 U.S.C. §§ 1400–1485, formerly the Education of the Handicapped Act.

5. A child with disabilities includes children:

   (i) with mental retardation, hearing impairments including deafness speech or language impairments, visual impairments including blindness, serious emotional disturbances, orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and

   (ii) who, by reason thereof, need special education and related services.

   20 U.S.C. § 1401(a)(1)(A).

6. A "free appropriate public education" is defined in 20 U.S.C. § 1401(a)(18) as special education and related services that—

   (A) have been provided at public expense, under public supervision and direction, and without charge,

   (B) meet the standards of the State educational agency,

   (C) include an appropriate preschool, elementary, or secondary school education in the State involved, and

   (D) are provided in conformity with the individualized education program required under section 1414(a)(5) of this title.

   *See also* 22 Pa.Code § 14.1 ("appropriate program").

7. An IEP is generally defined at 22 Pa.Code § 14.31(b), which provides:

   [A] written plan for the appropriate education of an exceptional student. The IEP shall be based on and be responsive to the results of the evaluation and shall be developed and implemented in accordance with this chapter and Chapter 342.

   22 Pa.Code § 14.32(a), establishes that only those children who are determined to be exceptional are entitled to an IEP and services related thereto. 22 Pa.Code § 14.32(f) requires that an IEP include:

   (1) A statement of the student's present levels of educational performance.

   (2) A statement of annual goals and short-term learning outcomes which are responsive to the learning needs identified in the evaluation report.

   (3) A statement of the specific special education services and programs and related services to be provided to the student....

   *See also* 22 Pa.Code § 342.32.

performance, Gary's parents had him evaluated by a private psychologist in March of 1993 and a private psychiatrist in May of 1993. During these evaluations, Gary was found to be of average intelligence and was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD). In May of 1993, Kozak requested that the school district conduct a multidisciplinary evaluation (MDE)[8] of Gary pursuant to 22 Pa.Code § 14.25 and 22 Pa.Code § 342.25.

The school district ordered an MDE evaluation of Gary by a multidisciplinary team (MDT)[9] which was conducted during the summer of 1993. The psychological component of the MDE was completed on July 1, 1993 and was largely consistent with the results of Gary's private evaluations. In September of 1993, a comprehensive evalua-

tion report was completed and the MDT agreed with Gary's private evaluation in which he was diagnosed with ADHD. In addition, the MDT found Gary to meet the criteria for Serious Emotional Disturbance (SED) as set forth at 22 Pa.Code § 342.1(b).[10] Due to the diagnosis of SED, Gary meets the criteria for "exceptional student" as that term is defined at 22 Pa.Code § 14.1.[11]

Kozak agreed with that portion of the MDT's diagnosis that Gary has ADHD, but disagreed that Gary is also affected with SED. Kozak requested that the school district perform another MDE on Gary. The school district refused this request. Kozak timely requested a due process hearing in accordance with the department's procedures set forth at 22 Pa.Code § 14.64[12] and the

---

**8.** An MDE is generally defined at 22 Pa.Code § 14.53(d), which provides:

> The multidisciplinary evaluation shall be sufficient in scope and depth to investigate information relevant to the young child's suspected eligibility. . . .

**9.** Regulations surrounding the formation and composition of an MDT are found at 22 Pa.Code § 14.25 and 22 Pa.Code § 342.25.

**10.** 22 Pa.Code § 342.1(b) provides:

> *Serious emotional disturbance*—A condition exhibiting one or more of the following characteristics over a long period of time and to a marked degree which condition adversely affects educational performance: an inability to learn which cannot be explained by intellectual, sensory or health factors; an inability to build or maintain satisfactory interpersonal relationships with peers and teachers; inappropriate types of behavior or feelings under normal circumstances; a general pervasive mood of unhappiness or depression; a tendency to develop physical symptoms or fears associated with personal or school problems. The term does not include students who are socially maladjusted, unless it is determined that they are also seriously emotionally disturbed. A student may not be determined to have a serious emotional disturbance for disciplinary reasons alone. Determination of serious emotional disturbance shall include a full assessment and comprehensive report by a certified public school psychologist and may include the diagnosis of a licensed psychiatrist.

**11.** An "exceptional student" is defined at 22 Pa. Code § 14.1 as:

> A student who meets one of the following criteria:
> (i) An eligible student.

> (ii) A student other than an eligible young child who is gifted as set forth in Chapter 342.
> (iii) A student receiving special education and related services as a gifted and talented school-aged person under Chapter 13 prior to July 1, 1990.

An "eligible student" is defined at 22 Pa.Code § 14.1 as:

> An individual of school age who was receiving special education and related services as a handicapped school-aged person under Chapter 13 (Reserved) prior to July 1, 1990, or an individual of school age who meets the criteria in paragraphs (i) and (ii).
> (i) The individual has one or more of the following physical or mental disabilities, as set forth in Chapter 342:
>  (A) Autism/pervasive developmental disorder.
>  (B) Serious emotional disturbance.
>  (C) Neurological impairment.
>  (D) Deafness/hearing impairment.
>  (E) Specific learning disability.
>  (F) Mental retardation.
>  (G) Multihandicap.
>  (H) Other health impairment.
>  (I) Physical disability.
>  (J) Speech and language impairment.
>  (K) Blindness/visual impairment.
> (ii) The individual is determined by an IEP team, based upon recommendations in a multidisciplinary evaluation, to need special education.

**12.** 22 Pa.Code § 14.64(a) provides:

> Parents may request an impartial due process hearing concerning the identification, evaluation or educational placement of . . . a child who is eligible or who is thought to be eligible, if the parents disagree with the school district's identification, evaluation or placement of . . . the student. . . .

disagreement was submitted to a hearing officer. At the commencement of the due process hearing, both parties stipulated that Gary has ADHD.

The hearing officer framed the issue for resolution before him as: "Is Gary Kozak, Jr. an exceptional child?" In reaching a decision, the hearing officer concluded:

[T]he School District has successfully established that Gary is presently functioning as a seriously emotionally disturbed student who also has an attention deficit-hyperactivity disorder and is in need of specially designed instruction in a Program of Emotional Support.

On January 25, 1994, the hearing officer entered the following order:

It is hereby ordered that the Hampton Township School District and Mr. and Mrs. Kozak prepare an Individual Educational Program for Gary Kozak, Jr. and place him in an appropriate Program for Emotional Support by virtue of his serious emotional disturbance and attention deficit-hyperactivity disorder. This should be done within 20 days after receipt of this decision if no appeal is filed.

Kozak filed timely exceptions with the department to the hearing officer's recommendations, to which the school district responded. In his exceptions, Kozak asserted, among other things, that the hearing officer should have addressed the following: (1) whether Gary's diagnosis with ADHD satisfied the criteria for "other health impairment" under 22 Pa.Code § 342.1(b);[13] and (2) whether Gary is eligible, as an "other health impaired" student, to receive an IEP and services related thereto. (Original Record, Kozak's Objections to the Hearing).

In considering whether the hearing officer adequately addressed the issue as framed by him, the appeals panel noted that the issue of whether Gary's diagnosis with ADHD satisfied the criteria for "other health impaired" student "was not specifically and directly raised before the Hearing Officer"; however, the appeals panel addressed the merits of this issue and found that Kozak "showed no link between Gary's ADHD and an 'other health impairment'". On March 1, 1994, the appeals panel affirmed the decision of the hearing officer after determining that he adequately addressed the issue as framed by him and that "the record unquestionably supports" that Gary is affected with SED. Kozak filed the within appeal to this court on March 28, 1994.

Kozak raises the following issues before this court: (1) Whether the hearing officer and the appeals panel "failed to rule on the issue" that was framed by the hearing officer: Is Gary Jr. an exceptional child with the stipulated and agreed upon disability of ADHD; (2) Whether the order of the hearing officer served to controvert Kozak's parental due process rights; (3) Whether the school district failed to provide Kozak with full disclosure and explanation of his parental due process rights; (4) Whether Kozak should be reimbursed for all expenses incurred by him for the evaluation, psychiatric and psychotherapeutic counseling for Gary; (5) Whether the school district should provide Gary with private counseling at public expense; (6) Whether the school district should provide compensatory education time to Gary for the period commencing February 1993.

■ Our review of a decision by an appeals panel appointed by the Department of Education is limited to a determination of whether constitutional rights were violated, errors of law were committed, or the decision is supported by substantial evidence. 2 Pa. C.S. § 704. *Conrad Weiser Area School District v. Department of Education*, 145 Pa.Commonwealth Ct 452, 603 A.2d 701 (1992).

---

**13.** 22 Pa.Code § 342.1 provides:

*Other health impairments*—Conditions in which a person exhibits limited strength, vitality or alertness, due to chronic or acute health problems, including a heart condition, spina bifida, tuberculosis, rheumatic fever, nephritis, asthma, sickle-cell anemia, hemophilia, epilepsy, environmental illness, such as lead poisoning, leukemia, or diabetes, which conditions adversely affect a child's educational performance. Determination of other health impairments shall include reports from a physician and a certified public school psychologist and shall specify the nature and degree of the impairment.

■ First, Kozak argues that the hearing officer's order does not address the fundamental question of whether Gary is an "exceptional" student with the stipulated and agreed upon ADHD. Kozak contends that the parties' stipulation before the hearing officer that Gary has ADHD required the hearing officer to make findings with regard to whether Gary is an "other health impaired student" because of his ADHD diagnosis and what services Gary is entitled to as an "other health impaired" student.[14]

We are not persuaded that the parties' stipulation that Gary has ADHD required the hearing officer to make a finding as to whether Gary is an "other health impaired" student because of his ADHD. The record in this matter clearly evidences that the hearing officer was presented with the issues of whether Gary has SED and whether SED qualifies Gary as an "exceptional student" when Kozak specifically objected to the school district's diagnosis of Gary with SED at their due process hearing before the hearing officer. Therefore, the hearing officer was well within his province both in considering the evidence which he found to establish that Gary has SED and in finding that the school district successfully established that Gary has SED.[15] Accordingly, we find no error in the appeals panel's determination that the hearing officer adequately addressed the issue of whether Gary is an "exceptional" student.

■ Second, Kozak argues that the hearing officer's use of the word "place" in his order will improperly impact upon which classroom Gary will be placed in and the programming Gary will receive.

According to 22 Pa.Code § 14.25(j) and 22 Pa.Code § 342.25(m), an MDT is charged with the duty to evaluate students thought to be exceptional in order to make an MDE containing conclusions and recommendations regarding the student's exceptionality and programming needs. Once the MDE is complete, 22 Pa.Code § 14.32(b) requires that a new team, known as the Individualized Education Plan Team (IEP team), meet to review the recommendations of the MDE team and to develop an IEP for the student and arrive at a determination of educational placement. According to 22 Pa.Code § 14.32(b), it is for the IEP team exclusively to develop an IEP and "arrive at a determination of educational placement, change in educational placement or continuation of educational placement for a student determined to be an exceptional student...."

Due to the clarity of the language in 22 Pa.Code § 14.32(b) and the appeals panel's statement in its decision that "we interpret the Hearing Officer's decision as rejecting suggestion that Gary could not receive SED services in a regular classroom, as removing him from such a class is neither appropriate nor supported by this record", we disagree that the hearing officer's use of the word "place" in his order will impact upon Gary's placement or programming in any way.

■ Third, Kozak argues that the school district violated their due process rights, as set forth at 22 Pa.Code § 14.61,[16] in failing to

**14.** Kozak cites as support for their argument a September 16, 1991 United States Department of Education Memorandum which stated that children with ADHD may be entitled to services under the IDEA's "other health impaired" section and a November, 1992 department policy memorandum stating that students with ADHD may be eligible for services as "other health impaired" under 22 Pa.Code § 342.1(b) so long as they fit the descriptive criteria set forth in each of these regulations. (Kozak's brief, Appendices A and B, respectively).

**15.** In its opinion, the appeals panel noted the following evidence which the hearing officer relied on in finding that Gary has SED: "Gary's teachers testified that he has serious emotional problems and agreed with the MDE. His 8th grade English teacher testified that Gary was withdrawn, lacked friends, and did not work well with other students. Several of his 8th and 9th grade teachers indicated that in both grades his academic performance was poor, that he seemed to have no close friends, and that he never participated actively. In fact, in the course of a class project, he stated "I like to kill things". (Original Record, page 8 of The Special Education Appeals Panel Opinion).

**16.** 22 Pa.Code § 14.61 provides in pertinent part:

(a) A school district shall document the provision of written notice to the parents of an exceptional student, a student who is thought to be exceptional or an eligible young child or young child thought to be eligible, within a reasonable time....

notify Kozak of his right, pursuant to 22 Pa.Code § 14.64(n)(2), to request a due process hearing from an agency other than the department. 22 Pa.Code § 14.64(n) provides:

(1) The Secretary may contract for coordination services in support of hearings conducted by local school districts. The coordination services shall be provided on behalf of school districts and may include arrangements for stenographic services, arrangements for hearing officer services, scheduling of hearings and other functions in support of procedural consistency and the rights of the parties to hearings.

(2) If a school district chooses not to utilize the coordination services under paragraph (1), it may conduct hearings independent of the services if it has obtained the Secretary's approval of procedures that similarly provide for procedural consistency and ensure the rights of the parties. In the absence of approval, a school district which receives a request for an impartial due process hearing shall forward the request to the entity providing coordination services under paragraph (1) without delay.

The plain language of 22 Pa.Code § 14.64(n)(2) makes it clear that only a school district has the option to forgo utilization of the coordination services offered in 22 Pa. Code § 14.64(n)(1). As there is no language in the regulations which gives this option to the parents or requires that a school district notify parents of this option, this argument has no merit.

■ Kozak further argues that he should have been given a full explanation regarding where he could obtain information on the hearing officer's background. Kozak does not dispute that he received a "Notice of Parent's Rights" which provides that "[e]ach public agency shall keep a list of the persons who serve as hearing officers. The list must

. . . .

(d)(4) A full explanation of the procedural safeguards, including the right to a prehearing conference and an impartial hearing available to the student or the parents under this chapter, Chapter 342 ... and the PARC Consent Agreement, reported in *PARC v. Common-*

include a statement of the qualifications of each of those persons." (Kozak's brief, Appendix C at 3.) This notice provided adequate notification concerning where Kozak could obtain background information on the hearing officer assigned to his case.

■ Fourth, Kozak argues that the school district should reimburse them for all expenses, including the expenses associated with the evaluations, psychiatric and psychotherapeutic counseling to treat Gary's ADHD.

The criteria which parents must meet in order to be entitled to reimbursement for a private evaluation is set forth at 22 Pa.Code § 14.67(f):

Parents have the right to an independent evaluation at public expense if the parents disagree with an evaluation obtained by the school entity. The school entity may initiate a hearing under § 14.64 (relating to impartial due process hearing) to show that its evaluation is appropriate. If the final decision is that the school entity's evaluation was appropriate, the parents may present a privately-commissioned independent educational evaluation not at public expense.

■ According to the plain language of 22 Pa.Code § 14.67, parents are entitled to reimbursement for a private evaluation only if private evaluation was sought as the result of a disagreement with an MDE and if the private evaluation shows the school district's MDE to be inappropriate. We note that Kozak had Gary privately evaluated not as the result of a disagreement with an evaluation done by the school district, but on his own initiative. As we have already concluded that the appeals panel correctly determined that the MDE performed on Gary by the school district was appropriate, Kozak is not entitled to reimbursement under 22 Pa. Code § 14.67.[17]

*wealth,* 334 F.Supp. 1257 (E.D.Pa.1971) and 343 F.Supp. 279 (E.D.Pa.1972).

17. Kozak also argues that the district has failed to adequately identify and address Gary's ADHD and that the school district should therefore provide Gary with private counseling by a preferable psychologist who specializes in the treatment of

Kozak's final argument is that Gary is entitled to compensatory education as the school district should have been meeting Gary's attention problem with or without an IEP. As a result, Kozak contends, the school district has denied Gary a free and appropriate public education. However, this issue was not raised before the hearing officer or the appeals panel; accordingly, this issue is waived pursuant to Pa.R.A.P. 1551.[18]

### ORDER

NOW, this 1st day of March, 1995, the order of the hearing officer of the Department of Education, dated March 1, 1994, at Special Education Opinion No. 618, is affirmed.

ADHD at public expense. As Kozak did not raise this issue before the hearing officer or the appeals panel, this issue is waived in accordance with Pa.R.A.P. 1551, which provides:

(a) **Review of Quasijudicial Orders.** Review of quasijudicial orders shall be heard by the court on the record. No question shall be heard or considered by the court which was not raised before the government unit....

18. The school district has brought it to this court's attention that on June 15, 1994, Kozak filed a complaint against the school district with the Pennsylvania Department of Education, Bureau of Special Education. In his complaint, Kozak alleged that the school district has deliber-

ately curtailed services which were normally available to Gary during the pendency of this litigation. The Bureau of Special Education issued a complaint investigation report wherein the bureau addressed the issue of whether Gary has been receiving a free and appropriate public education. *See* School District's brief, Appendix C, Bureau of Special Education Complaint Investigation Report. As the complaint investigation report states, Kozak has the right to request the Secretary of the U.S. Department of Education to review the bureau's decision if he is dissatisfied with the bureau's determination with regard to this issue.