**J. Matthew WOLFE, Petitioner,**

v.

**LOWER MERION SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 24, 2002.

Decided June 21, 2002.

J. Matthew Wolfe, petitioner, pro se.

Claudia L. Huot, Blue Bell, for respondent.

Before PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

J. Matthew Wolfe (Parent), as parent and natural guardian for his minor child, Ross M. Wolfe (Ross), petitions for review *pro se* of a determination of the Department of Education, Bureau of Special Education (Department) denying his request for reconsideration of the September 14, 2001 Complaint Investigation Report filed by its Special Education Adviser, Joseph R. Krueger, concluding that the Lower Merion School District (School District)

complied with Parent's pre-hearing conference request.

Ross is a student who attended school at the Bala Cynwyd Middle School in the School District during the academic year 2000–2001. At that time, he suffered from problems with fine motor and visual motor skills as well as visual memory which affected his educational performance, and based on his specific learning disability in the area of written expression, was eligible for special education services. On January 24, 2001, the School District's Director of Secondary Special Education, Rita Greeley, forwarded an Individualized Education Program (IEP) to Ross' parents. In a letter dated January 31, 2001, Parent objected to certain provisions of the IEP and requested a due process hearing pursuant to 22 Pa.Code § 14.64[1] or mediation and/or a pre-hearing conference as provided in 22 Pa.Code § 14.63.[2] Not availing itself of mediation and/or a pre-hearing conference, on February 28, 2001, the School District requested that a due process hearing be scheduled and such hearing was scheduled for March 2, 2001.

Following a continuance requested by the School District, the due process hearing was held on March 20, 2001. In the interim, on March 15, 2001, both of Ross' parents approved a Notice of Recommended Assignment (NORA) which recommended that Ross was no longer in need of special education. Finding that he lacked jurisdiction over the matter based upon the parties' agreement that Ross was no longer in need of special education, and, therefore, was not eligible for special edu-

---

1. Effective June 9, 2001, 22 Pa.Code § 14.64 was replaced by 22 Pa.Code § 14.162. Both provisions require that a hearing be held within 30 days after a parent's or school district's initial request for a hearing.

2. Effective June 9, 2001, 22 Pa.Code § 14.63 was replaced by 22 Pa.Code § 14.161. Both provisions provide that a pre-hearing conference be scheduled within ten days receipt of the parent notice and that either the parent or school district may waive the right to a pre-hearing conference and immediately request an impartial due process hearing.

cation services, the Hearing Officer dismissed Parent's request to amend the Comprehensive Evaluation Report (CER) and the January 2001 IEP and denied Parent's request for an Independent Educational Evaluation (IEE). No appeal from that determination was taken.

Even though both parents agreed that Ross was no longer in need of special education services and no appeal was taken from the Hearing Officer's determination, on July 24, 2001, Parent filed a Consumer Complaint alleging that the School District violated state regulations in failing to hold a pre-hearing conference. In his Complaint, Parent alleged that the School District violated 22 Pa.Code § 14.63 when it failed to hold a pre-hearing conference after he notified its Director of Secondary Special Education that he disapproved of the IEP designed for his son and requested a due process hearing and a pre-hearing conference. While acknowledging that the School District could waive the pre-hearing conference and proceed directly with the due process hearing, he alleged that because the School District failed to take any action at all, no waiver occurred.

Finding that the School District could waive the right to a pre-hearing conference and that a due process hearing had been held regarding Parent's initial concerns, the Department's Special Education Adviser concluded that the School District was in compliance with 22 Pa.Code § 14.161.[3] Parent then requested reconsideration of the Complaint Investigation Report which was denied. This Petition for Review followed.

On appeal, Parent contends that the School District violated 22 Pa.Code § 14.63 when it failed to hold a pre-hearing conference within ten days of his request that a conference be held. In doing so, Parent acknowledges that the School District was permitted to waive the pre-hearing conference and proceed immediately with an impartial due process hearing; however, he argues because the School District took no action of any kind to explicitly waive its right to the conference, no such waiver occurred. Also recognizing that requiring the School District to hold a pre-hearing conference at this time would be pointless, because a due process hearing was held and a determination was made, Parent requests this court to remand this matter to the Department so that it may order the School District to take corrective action by distributing a memo to all staff involved outlining the proper procedure to be followed and the requirements of law in scheduling pre-hearing conferences upon a parent's request. The School District, however, contends that by scheduling a due process hearing, it properly waived its right to a pre-hearing conference under the regulations, and, therefore, was not required to convene a pre-hearing conference. The School District further argues that Parent's Petition for Review should be dismissed as moot because there is no

---

3. As noted above, Section 14.161 replaced the previous section 14 .63 and provides, in relevant part:

The purpose of a prehearing conference is to reach an amicable agreement in the best interest of the student or young child. . . .

(2) When a parent requests and the school district or early intervention agency in the case of a young child agrees to participate in a prehearing conference, the conference shall be convened within 10 days of receipt of the parent notice and shall be chaired by the superintendent, the early intervention agency representative or their designees.

* * *

(3) A parent or the school district or early intervention agency in the case of a young child may waive the right to a prehearing conference and immediately request an impartial due process hearing under § 14.162 (relating to impartial due process hearing and expedited due process hearing).

longer any controversy between the parties.

At the outset, we must determine whether we have jurisdiction over this matter. This matter was initiated by a Consumer Complaint filed by Parent to the Department alleging that the School District violated Section 14.63 of the Special Education regulations by failing to convene a pre-hearing conference.

The Department is responsible for creating and maintaining a system that ensures that each student with a disability receives a free appropriate public education and that each family has the benefits of a system of procedural safeguards. As part of that responsibility, the Depart-

ment is required to implement and maintain a complaint resolution procedure in compliance with the federal regulations promulgated pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1491.[4] Those regulations provide for the adoption of State complaint procedures, minimum State complaint procedures and filing a complaint. 34 C.F.R. §§ 300.660–300.662.

Pursuant to 34 C.F.R. § 300.661,[5] once a complaint is filed, the Department, as Pennsylvania's state educational agency, is required, within 60 days, to (1) carry out an independent investigation if necessary; (2) give the complainant the opportunity to submit additional information regarding

---

**4.** The IDEA was originally enacted in 1970 as the Education of the Handicapped Act, Pub.L. No. 91–230 §§ 601–662, 84 Stat. 175, and confers upon disabled children a substantive right to a free appropriate education.

**5.** That section provides:

(a) Time limit; minimum procedures. Each SEA shall include in its complaint procedures a time limit of 60 days after a complaint is filed under § 300.660(a) to-

(1) Carry out an independent on-site investigation, if the SEA determines that an investigation is necessary;

(2) Give the complainant the opportunity to submit additional information, either orally or in writing, about the allegations in the complaint;

(3) Review all relevant information and make an independent determination as to whether the public agency is violating a requirement of Part B of the Act or of this part; and

(4) Issue a written decision to the complainant that addresses each allegation in the complaint and contains-

(i) Findings of fact and conclusions; and

(ii) The reasons for the SEA's final decision.

(b) Time extension; final decision; implementation. The SEA's procedures described in paragraph (a) of this section also must-

(1) Permit an extension of the time limit under paragraph (a) of this section only if

exceptional circumstances exist with respect to a particular complaint; and

(2) Include procedures for effective implementation of the SEA's final decision, in needed, including-

(i) Technical assistance activities;

(ii) Negotiations; and

(iii) Corrective actions to achieve compliance.

(c) Complaints filed under this section and due process hearings under §§ 300.507 and 300.520–300.528.

(1) If a written complaint is received that is also the subject of a due process hearing under § 300.507 or §§ 300.520 300.528, or contains multiple issues, of which one or more are part of that hearing, the State must set aside any part of the complaint that is being addressed in the due process hearing, until the conclusion of the hearing. However, any issue in the complaint that is not a part of the due process action must be resolved using the time limit and procedures described in paragraphs (a) and (b) of this section.

(2) If an issue is raised in a complaint filed under this section that has previously been decided in a due process hearing involving the same parties-

(i) The hearing decision is binding; and

(ii) The SEA must inform the complainant to that effect.

(3) A complaint alleging a public agency's failure to implement a due process decision must be resolved by the SEA.

the allegations in the complaint; (3) review all relevant information and make an independent determination as to whether the public agency is in violation of statute or regulation; and (4) issue a written decision to the complainant that addresses each allegation in the complaint containing findings of fact and conclusions and the reasons for the Department's final decision.

Prior to May 11, 1999, § 300.661 further provided a complainant or the public agency the right to request that the Secretary of the U.S. Department of Education review the state educational agency's final decision. *See Kozak v. Hampton Township School District,* 655 A.2d 641 (Pa. Cmwlth.1995). However, because the possibility of Secretarial review was not an efficient use of the federal Department of Education's resources, it amended § 300.661 effective May 11, 1999, and deleted the provision for Secretarial review. *See* 64 Fed.Reg. 12,406 (1999). As such, the regulations no longer provide any explicit right beyond a determination by the Department to a complainant within the complaint resolution procedure.

Having no means to appeal under the complaint resolution procedure, the only other way that the Department's determination could be considered on appeal is if it were an adjudication pursuant to the Administrative Agency Law.[6] Section 702 of the Administrative Agency Law provides a right of appeal to "any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or Pursuant to Title 42 (relating to judiciary and judicial procedure)." An "adjudication" is defined in 2 Pa.C.S. § 101 as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

In this case, Parent seeks to appeal a determination of the Department that the School District did not violate the special education regulations based upon his filing of a Consumer Complaint. While the nature of a Consumer Complaint under the Department's complaint resolution procedure is not explicitly defined, by filing a complaint, an individual or group is seeking to have the Department follow special education regulations in general, not in regard to any specific individual or local agency. Because there is no individual or group personally affected by any determination made by the Department regarding the complaint but is a complaint merely that the Department did not carry out its "public duty," such determination is not an adjudication within the meaning of the Administrative Agency Law. *See, e.g., LaFarge Corporation v. Commonwealth of Pennsylvania, Insurance Department,* 557 Pa. 544, 735 A.2d 74 (1999). Because a complainant is not a party to a proceeding before the Department upon filing a Consumer Complaint, the complainant cannot be aggrieved by a determination made by the Department such that a right to appeal exists pursuant to Section 702 of the Administrative Agency Law.

Because no right of appeal exists for a complainant as to the outcome of a Complaint Investigation Report, this matter is

---

6. 2 Pa.C.S. §§ 501–508, 701–704.

not properly before us. Accordingly, Parent's appeal is quashed.

## ORDER

AND NOW, this *21st* day of *June,* 2002, the Petition for Review filed by J. Matthew Wolfe in the above-captioned matter is quashed.